UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TONI L. FREEBORN,

    Plaintiff,

v.

CREDIT CONTROL, LLC, d/b/a
OMNI CREDIT SERVICES OF FLORIDA

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, TONI L. FREEBORN, is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CREDIT CONTROL, LLC., ("Credit Control") is a limited liability company organized under the laws of the State of Missouri with its principal place of business at Suite 330, 5757 Phantom Drive, Hazelwood, Missouri 63042.

5. At the time of the violations alleged herein, Defendant maintained offices located in Tampa, Florida. See https://web.archive.org accessed May 25, 2017.

6. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

7. On or about March 19, 2013 Defendant registered its fictitious name, "Omni Credit Services of Florida" with the Missouri Secretary of State.

8. Defendant has never registered its fictitious name "Omni Credit Services of Florida" with the Florida Department of State based upon a search of Department's records conducted May 25, 2017.

9. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendant regularly collects or attempts to collect debts for other parties.

11. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

13. In December 1996 Plaintiff opened a credit card account with a department store.

14. She used the credit card to make purchases for her own personal, family or household purposes.

15. At some point the account went into default.

16. Sometime after the account went into default Defendant began attempting to collect the alleged debt from Plaintiff.

17. Defendant concealed its identity as a collector of the alleged debt by entering into a confidential agreement with Omni Credit Services of Florida, Inc., a now defunct corporation, which in part provided that Defendant would secretly operate the business of Omni Credit Services of Florida, Inc. See page 15, Agreement, Exhibit 1 to Complaint in Credit Control, LLC v Omni Credit Services of Florida, Inc., (Eastern District of Missouri, Case No. 15-01729.)

18. On or about May 25, 2013, Defendant left the following message on Plaintiff's voice mail on her cellular telephone

> **May 25, 2013 – PRE-RECORDED MESSAGE**
> This person to come to the phone, please press two (2). If this person is not available, please press three (3). If we have reached the wrong number for this person, please press four (4).

19. Defendant left identical messages on at least 20 subsequent occasions and placed at least 44 additional calls to Plaintiff and hung-up without leaving a message, for a total of at least 64 calls, all of which were made using an automated telephone dialing system. (Collectively, "the messages").

20. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

21. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose its name and the purpose of Defendant's messages.

22. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

23. Defendant failed to provide Plaintiff with a written notice of her rights as required by the FDCPA.

24. Defendant's failure to disclose its name or telephone number in its telephone messages to Plaintiff, its failure to provide a FDCPA required written notice to Plaintiff disclosing its identity, its failure to register its fictitious name with the Florida Department of State, and its secret operation under another business's name hindered Plaintiff's ability to discover Defendant's true and full identity and acts to toll the statute of limitations under the FDCPA.

25. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

26. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

27. Plaintiff incorporates Paragraphs 1 through 26.

28. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

29. Plaintiff incorporates Paragraphs 1 through 26.

30. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31.    Plaintiff incorporates Paragraphs 1 through 26.

32.    Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235

don@donyarbrough.com

By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

don@donyarbrough.com